In The United States District Court
Middle District of Alabama.

James Fillip Moats

V                                    2:05-CV-930-T

K. Wilson, et al

Plaintiff's Objection To The Order
and Recommendation by Walker

Into This Court Comes James Moats (Moats) by and Thru himself, and does Now Move The Hon Judge Thompson To Review The error within said Action by Magistrate Walker, and The Deliberate Misuse of Information Concerning This Instant 1983 Action, for The Denial of Medical Care (Eye Examination due To The Adverse Reaction To a "TB medication" "Rifampin" That Plaintiff was Forced To Take by a Direct order from "Prisoners Health Service" and other Defendants herein. (The Adverse Reaction "Blurred Vision" begin To occur shortly after Moats was ordered To Take This Drug Rifampin (According To a Study and Publication by The US Dept of Health + Human Services C.D.C.) This is one of The Serious Side Effects from "Rifampin" and.

1 of 6

Can Cause Total Loss of Sight (Blindness) if not Treated!

This Adverse Reaction, was Reported to the Cronic care Nurse "Linda Teal" In Late Oct 2004, but No Examination was ordered Nor. was Moats Allowed to Discontinue Taking the Drug!

When Moats filed a Complaint to R. Wilson, and the Nurse Practitioner "Ms Floyd, Moats was Told That he must Sign up for Sick Call, and be Evaluated by an L.P.N. before he Could see an Eye Doctor (Clearly an Attempt to Cause Moats To Pay a Co-Pay. Which is against The very Expleited memmorandum issued on Jan. 1. 2003 by Commissioner Campbell. This instant order and Recommendation by Walker is Moot and due to the Following Facts is.

-A- The Case Moats v Whetstone 1:03-CV-716" is Still Pending in the United States Supreme Court. "04-10291."

-B- Also. The Misinformation concerning, "Moats v Hoom 1:93-CV-233-HH-C. (The Case was about The Total Violation of The Due Process Rights of Moats. by being Incarcerated For Approximately (1) one Month, without being Served as To what The Crime he Allegedly Committed or without ever Appearing before a Judge! There was Never Even a District or Circuit Court Case No. on Record in Baldwin County,! Check The Record

2 of 6

-C- As To Moats v Fincher 2:03-cv 398 MPM (M.D. Miss)
This case is Technically Still Pending and does in every
blend into This Claim of Medical Service being Denied
(because Moats was an Alabama inmate being housed
at The Tallahatchie County Correctional Facility
Thereby Defendants within "Moats v Fincher" and Now
"Moats v Wilson" are in The Same Category (Medical Care
Providers under Contract To Provide Medical Care for
Alabama inmates, of which Moats is one of.)
Magistrate Walker Alleges That The Appeal is Frivolous
but does Not List The Appellate No. Thereof!

-D- Walker Also Failed To include "A CIVIL ACTION
1983" Filed by Moats in Mid-Summer 1996 That
was Assigned To Walkers docket! This Case was Dis-
missed by Walker. DUE To her "MAGICAL MATH."
Moats for over 6 month had about .4¢ cents on his PMOD.
Account, and for about one (1) year had only one
Deposite of $40.00 Listed! This on March 15, 1996,
however Walker Claimed That Moats had an Average
Monthly income of over $30.00! by and Through her use
of her "MAGICAL MATH." This Action would Tend
To Look Like a Prejudice Action by Walker by The
Action Taken Therein

"E" - As To The Possibility of Imminent Danger or of Serious Physical Injury! Moats! "DOES BELIEVE That BLINDNESS" would be a Serious Injury and According To The Pamphlet from CDC. The Serious side Effects from Rifampin is To be Treated Immediately, one such Effect is Blurred Vision. That Moats has Suffered. Since late Oct. 2004, as the Records will Show. Also The Records will Show That Moats has over The Last 9 years has had a Constant fight To obtain Proper Medical Care, Dental and Eye Care! From the Health Care Unit at E.C.F. again Reffering To The 1983 Action in "Mid-Summer 1996"

Moats has The Constitutional and Statutory Right To Proceed in This instant Action, Pursuant Too. The Provisions within 28 USC § 1915 (g) as well as The holdings within "City management Corp. V US Chemical Co. Inc. 43 F3d 244 (6th cir 1994)" also "Howell V Evans 922 F2d 712. (11th cir) 931 F2d 711," Plus "The Alabama Code §§ 34-24-360 (3-5)" "Rathte V Grote 584 F Supp 11.28" Plus Mitchell V Maynard 80 F3d 1433 and also The Courts holdings within Newman V Ala. 349 F Supp 278, 503 F2d 1320 (5th cir) 421 US 948, + Harris V. O,Grady 803 F Supp 1361

-F- Moats is Entitled To Relief Through 42 USC 1983 Action and also The State Statute and the holdings within The United States Court of Appeals 5th circuit Newman v Ala. 349 FSupp 278, 503 F2d 1320 Plus Richard v Michelin Tire Corp 21 F3d 1048 Plus The Alabama Code §§ 34-24-360(3-8), 6-5-484, 537 Plus The Acts of Alabama 2000 Act # 387, -(P 102d)

See Schuffert v Morgan 777 So 2d 87, Plus Estelle v Gamble 429 US 97; 50 L Ed 2d 251; 99 SCT 285 also as To Moats's Right of Due Process

In This Instant Action see Kentuckey Dept of Corr. v Thompson 490 US 454. The word Deprived. In due process cases generally has it Common Sense meaning (also see) Fundiller v City of Cooper City 777 F2d 1436 (11th CIR), also Wilson v Seiter Seiter 501 US 119 (1991)

also it is a known Fact That There does not Exist any Specific Legal Authority To charge any Type of a Co- -Pay due The Fact That Health Care is Provided by a PRIVATELY OWEN MEDICAL + HEALTH CARE Company. by and Through a (3) Three year Contract That cost about one hundred and Forty Million dollars $140,000,000 There Fore Walker's order must Now be held for Naught and Moats's Complaint be Allowed To

Proceed Against the Named Defendants in Forma-Pauperis and the Frivolous Recommendation based upon Misleading, Incomplete Information by Walker be Review and Plaintiff Moats's Prior Motion suggest an Attempt to show Possible Favoritism toward Some of the Defendants due to the Possible Conflict of Interest.

Moats Now submits again the Following Pleas
(1) The Right to Proceed in Forma Pauperis!
(2) The Constitutional Rights guaranteed by the 1st, 5th, 6th, 8th and 14th Amendments USC, and the Rights guaranteed by and Through the Alabama Const., and the Code §§ 6-5-484-551; 34-24-360(3-8) see "Rettle v Grote 584 F.supp 1128" Plus. Tucker v Brantley 142 F3d 1294

also a Review of the Previously Filed 1983 civil action by Moats and Assigned to Walkers Docket, was a clear Showing of Favoritism Toward the Defendants Listed

Executed. 11-10-05
cc file

Respectfully Submitted
*James Moats*
James Moats  Pro se